**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **ANTHONY G. MOORE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:07CV620-DJS |
| ) | |
| **MICHAEL J. WEBER, et al.,** ) | |
| ) | |
| Defendants. ) | |

### ORDER

On April 2, 2007, plaintiff Anthony Moore filed this action pursuant to 42 U.S.C. § 1983. He alleges that two St. Louis police officers, defendants Michael J. Weber and Richard Jenkerson, violated his civil rights by using excessive force against him, resulting in serious physical injuries. The matter now before the Court is defendants' motion to dismiss [Doc. #15].

Defendants argue, as the sole basis to support their motion, that plaintiff's claims are barred by the Eleventh Amendment. Pursuant to the Eleventh Amendment, states enjoy sovereign immunity which "bars private parties from bringing actions for damages against unconsenting states in federal courts." Thomas v. St. Louis Bd. of Police Comm'rs, 447 F.3d 1082, 1084 (8th Cir. 2006). This immunity recognized by the Eleventh Amendment is not abrogated by 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979). However, "[w]hile Eleventh Amendment immunity 'extends to states and arms of the state,' it does not extend to local

governments." Thomas, 447 F.3d at 1084 (quoting Gorman v. Easley, 257 F.3d 738, 743 (8th Cir. 2001), rev'd on other grounds sub nom. Barnes v. Gorman, 536 U.S. 181 (2002)). In other words, "cities and counties do not enjoy Eleventh Amendment immunity." Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 47 (1994). "'[T]he question whether a particular state agency...is...an arm of the State, and therefore one of the United States within the meaning of the Eleventh Amendment, is a question of federal law.'" Thomas, 447 F.3d at 1084 (alterations in original) (quoting Regents of the Univ. Of Cal. v. Doe, 519 U.S. 425, 429 n.5 (1997)).

Specific to the case before the Court, Supreme Court precedent dictates that "[t]he [St. Louis] Board of Police Commissioners....does not share the immunity of the State of Missouri." Auer v. Robbins, 519 U.S. 452, 456 n.1 (1997). Further, despite recent developments in the law that may have eroded the Eleventh Amendment analysis in Auer, a post-Auer Eighth Circuit decision declined to contradict the express findings of the Supreme Court. "Because Auer controls our decision in this case, we necessarily conclude that the St. Louis Board is not protected by Eleventh Amendment immunity." Thomas, 447 F.3d at 1087.

In their motion, defendants do not provide support for the proposition that the St. Louis police officer defendants are state actors entitled to Eleventh Amendment immunity. In light of the recent Eighth Circuit decision in Thomas, and considering the

lack of analysis from defendants, the Court will deny defendants' motion to dismiss without prejudice.

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #15] is denied without prejudice.

Dated this <u>  20th     </u> day of December, 2007.

<u>/s/Donald J. Stohr             </u>
UNITED STATES DISTRICT JUDGE