**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **ANTHONY G. MOORE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:07CV620-DJS |
| ) | |
| **MICHAEL J. WEBER, et al.,** ) | |
| ) | |
| Defendants. ) | |

<u>**ORDER**</u>

On April 2, 2007, pro se plaintiff Anthony Moore filed this action pursuant to 42 U.S.C. §1983. He alleges, among other claims, that a St. Louis Metropolitan police officer, defendant Michael Weber, used excessive force in arresting him when defendant hit him with a flashlight after he was placed in handcuffs.[1] Now before the Court is defendant's supplemental motion for summary judgment [Doc. #74]. Plaintiff has responded to defendant's

---

[1] Plaintiff also alleged an excessive force claim for being shot by co-defendant Richard Jenkerson during his arrest. The Court granted summary judgment in defendant Jenkerson's favor on February 17, 2009. <u>See</u> Docs. #62, 63. Plaintiff's complaint does not allege which officer hit him with a flashlight; however, defendant Weber has since stated that it was his flashlight that came into contact with plaintiff, and plaintiff has not asserted otherwise. Accordingly, although neither defendant has been terminated from the case, for practical purposes the Court treats plaintiff's remaining claim as one asserted against defendant Weber.

motion, and defendant has filed a reply brief.[2] Accordingly, the motion is ripe for disposition.

## Standard of Review

In considering a motion for summary judgment, the Court must "view all of the evidence in the light most favorable to the nonmoving party and [will] give that party the benefit of all reasonable inferences to be drawn from the facts disclosed in the pleadings." Reich v. ConAgra, Inc., 987 F.2d 1357, 1359 (8th Cir. 1993). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, the 'nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" Burchett v. Target Corp., 340 F.3d 510, 516 (8th Cir. 2003) (quoting Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1107 (8th Cir. 1998)).

In ruling on a motion for summary judgment, "a District Court must resolve any factual issues of controversy in favor of the non-moving party only in the sense that, where the facts specifically averred by that party contradict facts specifically

---

[2]Plaintiff has filed a surreply brief [Doc. #90]. However, pursuant to E.D. Mo. L.R. 4.01(C), a surreply may be filed only with leave of the Court. Plaintiff did not seek leave of Court before filing his surreply, and the Court has therefore not considered it. The Court notes that the arguments set forth in plaintiff's surreply are not supported by an affidavit or other evidence.

2

averred by the movant, the motion must be denied. That is a world apart from 'assuming' that general averments embrace the 'specific facts' needed to sustain the complaint." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). Consequently, in order to withstand a motion for summary judgment, evidence submitted by a non-movant must contain specific facts, and general statements will not be supplemented by the Court's assumptions.

> It will not do to "presume" the missing facts because without them the affidavits would not establish the injury that they generally allege. That converts the operation of Rule 56 to a circular promenade: plaintiff's complaint makes general allegation of injury; defendant contests through Rule 56 existence of specific facts to support injury; plaintiff responds with affidavit containing general allegation of injury, which must be deemed to constitute averment of requisite specific facts since otherwise allegation of injury would be unsupported (which is precisely what defendant claims it is).

Id. at 889. Further, in view of plaintiff's failure to come forward with evidence that controverts defendant's statement of material facts, the Court notes that it is "'not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.'" White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (quoting InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989)).

**Facts**

For purposes of this motion, the Court finds that the following facts are not in dispute, or have not been properly controverted pursuant to E.D.Mo. L.R. 7-4.01(E).[3] On August 7, 2005, defendant and his partner Richard Jenkerson, both St. Louis Metropolitan police officers, responded to a burglar alarm at a residence. After the officers observed signs of forced entry to the basement door of the residence, a woman ran outside the front door with blood on her face, screaming that she had just been raped and that the perpetrator was still inside. Defendant had his flashlight in his hand, and pulled out his pistol. He then entered the residence through the front door while Jenkerson went to the back door.

Defendant found plaintiff inside with numerous items in his hands. Defendant identified himself as a police officer and told plaintiff to get on the ground and to put his hands above his head. Plaintiff did not get on the ground, and instead took a step

---

[3] "All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D.Mo. L.R. 7-4.01(E). The facts accepted as true for purposes of this motion are supported by defendant's affidavit and the previously submitted trial transcript. See Docs. #72-5, pp. 8-11, 50-2. The Court notes that although plaintiff has responded to defendant's motion, he has not provided a sworn affidavit or other evidence to controvert defendant's statement of material facts and supporting evidence. Nevertheless, his complaint is signed and dated as true under penalty of perjury. His complaint, therefore, satisfies the requirements of a verified complaint. See 28 U.S.C. §1746. Accordingly, for purposes of this motion, the Court will consider the allegations contained in plaintiff's complaint. See Williams v. Adams, 935 F.2d 960, 961 (8th Cir. 1991) ("A verified complaint is the equivalent of an affidavit for summary-judgment purposes....").

4

toward defendant and then fled to the back of the residence. Defendant chased plaintiff, pushing on him and trying to get him to fall to the floor. In the course of the pursuit, plaintiff and defendant bumped into numerous items of furniture. Plaintiff then ran to the front room. Plaintiff then tripped and fell, and dropped everything he was holding. Plaintiff then ran to the front door, and defendant kicked the door shut, which partly closed on plaintiff. Defendant grabbed plaintiff to pull him back into the house, and plaintiff began kicking defendant.

Jenkerson then kicked in the front door, which hit both plaintiff and defendant. Jenkerson aimed his gun at plaintiff and told him to stay on the ground. Plaintiff got up on all fours and leapt up at Jenkerson. Plaintiff put his hands out and grabbed the top of Jenkerson's gun, at which time Jenkerson shot plaintiff in the shoulder. Defendant saw a flash and heard the gun fire. Plaintiff fell back into the house and continued to resist. During the struggle, plaintiff reached out and grabbed defendant's shirt with both hands. Defendant, still holding his flashlight, reached out and attempted to push on plaintiff's chest to loosen his grip on defendant's shirt. Defendant states that as he pushed plaintiff away, his flashlight glanced off plaintiff's forehead.

**Discussion**

Plaintiff's complaint asserts a 42 U.S.C. §1983 excessive force claim against defendant for being hit in the head with a

5

flashlight while in handcuffs. Although not stated in plaintiff's complaint, the Court should "analyze excessive force claims occurring in the context of seizures under the Fourth Amendment...." Henderson v. Munn, 439 F.3d 497, 502 (8th Cir. 2006).

The right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures of the person. See Guite v. Wright, 147 F.3d 747, 750 (8th Cir. 1998). "The violation of this right will, of course, support a §1983 action." Crumley v. City of St. Paul, 324 F.3d 1003, 1007 (8th Cir. 2003). Nevertheless, an officer is entitled to qualified immunity when any force used is "'objectively reasonable' in light of the facts and circumstances confronting" the officer. Guite, 147 F.3d at 750 (quoting Graham v. Connor, 490 U.S. 386, 394 (1989)). "Once the predicate facts are established, the reasonableness of the official's conduct under the circumstances is a question of law." Tlamka v. Serrell, 244 F.3d 628, 632 (8th Cir. 2001) (citation omitted). In determining whether an action was objectively reasonable,

> a court must pay close attention to the particular facts. It should consider such factors as the severity of a suspected crime, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting or evading arrest.

Nelson v. County of Wright, 162 F.3d 986, 990 (8th Cir. 1998) (citing Graham, 490 U.S. at 396).

In this case, defendant has properly set forth the following supported facts: that defendant and his partner Jenkerson responded to a burglar alarm; that when they arrived they found a woman claiming to have been raped and stating that the perpetrator was still inside her residence; that plaintiff was found inside of the victim's residence holding several items; that plaintiff and defendant were involved in a substantial physical struggle; and that defendant's flashlight glanced off plaintiff's head while he was struggling with defendant. Defendant argues that, pursuant to these predicate facts, he is entitled to qualified immunity on plaintiff's claim of excessive force as a matter of law.

Plaintiff, in his response to the instant motion for summary judgment, argues that he did not wrestle with or resist defendant or Jenkerson. Further, plaintiff argues that the flashlight hit him on the top-left portion of his head, not his forehead. Plaintiff also argues that a glancing blow could not have caused the damages he has alleged. However, plaintiff offers no evidence to support these arguments, and therefore he has not placed them into controversy. Plaintiff does not argue in his response that he was struck after he was placed in handcuffs. Although the Court is not obligated to search the record for some specific fact that might support plaintiff's claim, the Court notes that plaintiff's verified complaint contains the allegation "3-4 staples received on left (frontal lobe) portion of head from Officers flashlight, while in handcuffs," and therefore plaintiff

7

previously asserted that the flashlight came into contact with him after he was placed in restraints. Doc. #1, p. 6. However, the only evidence existing in the record that supports this statement is the statement itself, which, as a general allegation of injury, is not sufficient to withstand defendant's properly supported motion for summary judgment. See Bacon v. Hennepin County Med. Ctr., 550 F.3d 711, 716 (8th Cir. 2008) ("A properly supported motion for summary judgment is not defeated by self-serving affidavits. Rather, the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." (internal quotations omitted)).

Aside from his verified complaint, plaintiff has placed no evidence in the record that suggests he was hit after he was placed in restraints, and the Court cannot deny defendant's motion without more of a showing from plaintiff. See Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." (quotation omitted)). This finding is underscored by the fact that, even if the Court found that the allegation in plaintiff's verified complaint created a factual dispute, the dispute would not be material in light of the other uncontroverted facts accepted as true for purposes of this motion. That is, plaintiff has not controverted his physical

struggle with defendant and that defendant's flashlight glanced off of plaintiff's head while they were struggling.

In consideration of the applicable factors, namely the severe nature of the suspected crimes (burglary and rape), that plaintiff posed a remarkable risk to defendant's safety in light of plaintiff's sustained physical contact with defendant and the fact that plaintiff had reached for defendant's shirt, and that plaintiff was actively resisting and struggling with defendant when the flashlight came into contact with his head, the Court finds as a matter of law that defendant acted with objective reasonableness during his interaction with plaintiff. Accordingly, the Court will grant summary judgment in defendant's favor on plaintiff's claim of excessive force for being hit in the head with a flashlight.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Michael Weber's motion for summary judgment [Doc. #74] is granted.

Dated this ____18th_____ day of November, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE