UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTHONY G. MOORE,            )
                             )
        Plaintiff,           )
                             )
    vs.                      )    No. 4:07CV620-DJS
                             )
MICHAEL J. WEBER, et al.,    )
                             )
        Defendants.          )

### ORDER

Now before the Court is pro se plaintiff Anthony Moore's motion to file a notice of appeal out of time [Doc. #101]. Defendants oppose plaintiff's motion, and plaintiff has filed a reply brief. Accordingly, the motion is ready for disposition.

On November 18, 2009, the Court entered judgment against plaintiff. The record reflects that on January 19, 2010, the Court received the first post-judgment filing from plaintiff. See Doc. #100. In this January 19, 2010, filing, plaintiff states:

> I was writing to ask about information on the notice to appeal and request for a docket sheet that I ask for by letter in November 2009. The letter I sent was notarized/stamped by Randy Hartrup (staff at ERDCC), within required time to notify your court my plan to appeal the judgment of case: 4:07CV620. The Judge (Honorable Donald Stohr) ruled in favor of defendants for summary judgment in November 2009, and I mailed my letter shortly after receiving the order.

Doc. #100, p. 1. On January 22, 2010, the Court received another document, captioned "plaintiff motion to file out of time appeal

(Anthony E. Moore vs. Michael J. Weber) and for extension of time." Doc. #101, p. 1. In this motion, plaintiff states that he "sent information letter to clerk requesting appeal information and packet; letter was notarized by Randy Hartrup in November 2009 after 18th day of order of judgment in favor of defendant Michael J. Weber." Doc. #101, p. 1. Further, plaintiff states:

> I sent a written notice to appeal to your office in November, (09) requesting appeal paperwork, and requesting information who to appeal ruling in favor of defendant for summary judgment.... I sent this notice to your office within 30 days of receiving the order of judgment in favor of the defendants and have not received any information to appeal my case as of this date.

Doc. #101, p. 2. Plaintiff asks the Court for leave to file his appeal out of time, and not "be deprived of his constitutional rights because of a technicality, or misunderstanding with court clerk of mailing correspondences." Doc. #101, p. 1. Further, in his reply brief, plaintiff states that he sent two notices requesting to appeal the summary judgment granted to defendant Michael Weber "within 10 days of receiving order November 18, 2009," and asks that the Court "understand previous correspondences in November 2009 and December 2009 as his Notice to Appeal defendants summary judgement." Doc. #104, pp. 1-2. The Court notes its practice of filing all documents that are delivered to it.

Rule 4 of the Federal Rules of Appellate Procedure sets forth the time limits for filing a notice of appeal in district court. Pursuant to Rule 4(a)(1)(A), a notice of appeal must be

filed with the district clerk within thirty days after the judgment or order appealed from is entered.  Since plaintiff is an inmate confined in an institution, Rule 4(c) applies, and a notice is considered timely if it is deposited in the institution's internal mail system on or before the last day for filing, and if there exists an affidavit reporting the precise date when the notice of appeal was deposited with prison authorities and that postage was prepaid.  Fed.R.App.P. 4(c)(1); see also Sulik v. Taney County, 316 F.3d 813, 814 (8th Cir. 2003).

A district court may extend the time to file a notice of appeal, but only if the party seeking the extension files a motion with the district court no later than thirty days after the initial thirty days expires.  The party seeking the extension must also show excusable neglect or good cause.  Fed.R.App.P. 4(a)(5); see also Benoist v. Bhd. of Locomotive Eng'rs, 555 F.2d 671, 672 (8th Cir. 1977) (per curiam) ("In general, excusable neglect may be found where a party has failed to learn of an entry of judgment, or in extraordinary cases where injustice would otherwise result.").  If the party seeking an extension files the motion later than thirty days after judgment is entered, notice of the motion must be given to the other parties.  "In the absence of notice of the motion, the district court lacks jurisdiction to extend the time for appeal."  Hable v. Pairolero, 915 F.2d 394, 395 (8th Cir. 1990) (citations omitted); see also Armstrong v. Walgreens, Inc., 205 F.3d 1344 (8th Cir. 2000) (per curiam); Campbell v. White, 721 F.2d

3

644, 645 (8th Cir. 1983) (finding that a notice of appeal received 32 days after judgment's entry was untimely and could not be considered as a motion for extension of time under Fed.R.App.P. 4(a)(5)).

The time limits "detailed in Federal Rule of Appellate Procedure 4 for filing a notice of appeal in the district court are 'mandatory and jurisdictional.'" Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 462 (8th Cir. 2000) (quoting Browder v. Dir., Dep't of Corrections, 434 U.S. 257, 264 (1978)). "Because the 30-day period for filing an appeal is statutory, it is a "jurisdictional" requirement that must be met; it cannot be forfeited or waived." Dill v. Gen. Am. Life Ins. Co., 525 F.3d 612, 616 (8th Cir. 2008).

In this case, because judgment was entered on November 18, 2009, the thirty-day period for filing a notice of appeal under Rule 4(a) expired on December 18, 2009. Therefore, plaintiff had thirty days from December 18, 2009, to move for an extension of time to file his notice of appeal. That time period would have expired on January 17, 2010, but since that day was a Sunday, plaintiff had until January 18, 2010, to raise the issue. However, plaintiff did not submit a motion seeking an extension of time until January 20, 2010.[1] The time limits set forth in Rule 4 are

---

[1] Plaintiff mailed a letter to the Clerk asking about his notice of appeal [Doc. #100], which, if submitted within thirty days of judgment, may have been sufficient to be construed as a notice of appeal. However, such a letter was not postmarked until January 14, 2010, well past the thirty-day deadline to file an appeal. Pursuant to the caselaw noted above, such a letter cannot be construed as a motion seeking an

4

mandatory and strictly enforced, and the Court is therefore left without jurisdiction to grant the extension plaintiff seeks.

Plaintiff asserts that he mailed to the Court at least one notice of appeal within thirty days of judgment being entered.[2] As noted above, it is the Court's practice to file all documents that are delivered to it. The Court has reviewed the record and finds no evidence that any such notice of appeal or other document was received; rather, as noted above, the first post-judgment filing is plaintiff's January 19, 2010, letter to the Clerk. Moreover, even if the Court accepted plaintiff's assertions that he placed in the mail a timely notice of appeal but that it was not delivered to or was mishandled by the Court, it is too late to consider reasons for delay. Under the Federal Rules of Appellate Procedure, plaintiff had thirty days to ensure that his notice of appeal was delivered and filed, and then another thirty days to

---

extension of time to file an appeal.
   Since nothing in compliance with Rule 4(c) indicating an alternative date of deposit with the institution's mailing system accompanies plaintiff's motion or is otherwise in the record, the Court will consider the postmark on the motion, which is January 20, 2010. Doc. #101, p. 4. The Court notes that the motion is notarized, and that even if the Court were to consider the notarization date of January 19, 2010, see Doc. #101, p. 3, plaintiff's motion would still be one day too late.

   [2]In his January 19, 2010, filing, plaintiff refers to a single letter sent in November 2009, and in his motion, plaintiff refers only to a single notice of appeal sent to the Clerk within thirty days of receiving the order of judgment in favor of the defendants. Docs. #100, p. 1; 101, p. 2. However, in his reply brief, plaintiff states that he mailed two notices requesting to appeal the summary judgment granted to defendants, and further states that he provided information to the Clerk in November 2009 and December 2009. Doc. #104, pp. 1-2.

petition the Court for an extension of time if it was not. Whether or not plaintiff can now demonstrate excusable neglect or good cause for an untimely filed appeal, the rules do not provide for relief beyond those deadlines. The Court therefore must deny plaintiff's motion to file an appeal out of time.

For the above stated reasons,

**IT IS HEREBY ORDERED** that pro se plaintiff Anthony Moore's motion to file a notice of appeal out of time [Doc. #101] is denied.

Dated this  25th   day of February, 2010.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE